### Abstract of the Decision.

HUSBAND AND WIFE, § 264*—*when evidence insufficient to warrant decree for separate maintenance.* Evidence examined and *held* insufficient to warrant a decree for separate maintenance.

---

### Chicago Title & Trust Company, v. Alexander R. MacDonald, Appellee.  William Allen, Appellant.

### Gen. No. 19,931.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1913.  Affirmed.  Opinion filed March 23, 1915.

### Statement of the Case.

Bill of interpleader by the Chicago Title & Trust Company, complainant, against Alexander R. MacDonald and William Allen, defendants.

The bill sets up that complainant had $1,400 and a contract held subject to the joint order of defendants and that they refused to give such order and each claimed the money.

Each defendant answered setting up his claim.

The pleadings and evidence show that on February 15, 1912, Allen and MacDonald entered into a written agreement whereby Allen was to sell and convey to MacDonald by warranty deed certain property in Chicago subject to a first mortgage of $10,000, with five per cent. interest, and to a $6,000 mortgage bearing interest at five and one-half per cent.

MacDonald was to sell and convey to Allen by warranty deed certain property in Texas and pay Allen $2,000 in cash, of which sum $400 was to be deposited

in escrow with complainant. MacDonald was to furnish to Allen, within ten days, proper abstracts of title to the Texas land, showing a good title to the same in MacDonald. Allen was to furnish a guaranty policy showing title in vendor subject to the above mentioned incumbrances. Deeds were to be passed and the transaction closed within ten days. It was provided that time was of the essence of the agreement.

On the same day an escrow agreement was signed by the parties providing that the contract, money and escrow agreement were to be deposited with complainant, to be delivered by it only upon their joint order, and the papers and money were deposited in accordance therewith.

The evidence shows that in the afternoon of the same day, Allen recalled that the interest on the first mortgage was five and one-half per cent. instead of 5 per cent. as mentioned in the contract. He thereupon called up the office of MacDonald's agent who had initiated the trade and left word about it. The next day he told the agent of the error in the rate of interest, and requested him to see MacDonald and inform him of the interest error, and if that made any difference the trade would be dropped immediately. Subsequently Allen asked the agent if he had seen MacDonald in regard to the difference in the rate of interest, and the agent stated that it was all right, that MacDonald would understand it.

A few days after the contract was signed, Allen procured a guaranty policy for $16,000, and submitted it to MacDonald, who then for the first time was informed as to the difference in the rate of interest on the mortgage from the guaranty policy. After his attention was called to the difference in the rate of interest between the mortgage and the contract, he always insisted that Allen would have to allow him $250 on his purchase price in order to provide for the difference in the rate of interest. MacDonald also

insisted that the guaranty policy furnished by Allen should cover the value of the property instead of merely the amount of the incumbrances thereon, and refused to complete the transaction unless these conditions were complied with.

The master found and the decree of the court finds that at no time during the negotiations did Allen offer or agree with MacDonald to adjust these differences, nor was any tender of the money and policy made by Allen to MacDonald.

The contract had been extended by mutual agreement to March 16, 1912, and on that date the parties met for the purpose of closing the contract. At this meeting, according to the testimony, these matters were discussed and MacDonald proposed that Allen make good the difference in the rate of interest and carry out the contract, and that Allen declined to accede to MacDonald's request and left the meeting.

Subsequently the abstracts to be furnished by MacDonald were placed in the hands of Allen's attorney for examination. Several objections were raised by the attorney to the title to the Texas lands, some of which were afterwards waived, but one objection was not cured.

It appeared from the evidence that the title to the Chicago property was not in Allen's name, but was in the name of a person by the name of Stinson, to whom the guaranty policy ran. The answer of Allen asks for a specific performance of the contract. The answer of MacDonald demands the surrender of the contract and the return of the money which he had deposited.

The bill of complainant was sustained and a decree entered ordering complainant to pay the money into court, and complainant, having done so, was dismissed out of court with its costs.

The cause having been referred to a master, he took proofs and reported that MacDonald was entitled to

the money and contract. Allen objected to the master's findings but his objections were overruled. The objections were ordered to stand as exceptions. On a hearing before the court, the exceptions were overruled, the report approved and a decree entered in accordance with the findings. To reverse the decree, Allen appeals.

VAIL & VETTE, for appellant William Allen.

LEE & LEE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. SPECIFIC PERFORMANCE, § 11*—*when performance of contract for exchange of real estate not compelled.* Where a contract for the exchange of real estate provides that the first party will sell and convey to the second by warranty deed certain property and the evidence shows that the title to the land is in a third person who is not a party to the bill, there is such a lack of mutuality in the contract as will prevent the first party from obtaining a decree of specific performance.

2. VENDOR AND PURCHASER, § 152*—*when tender of warranty deed requisite.* A party to a contract for a conveyance by warranty deed cannot tender, as a compliance therewith, a deed executed by a third person.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.